**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARTHURE ORTEGA,

    Plaintiff,

  v.                                          No. CV 11-0551 LH/WPL

J. LOPEZ,
D. HOISINGTON, HEAD OF SUCURITY [sic]--
WESTERN NEW MEXICO CORRECTIONAL FAC.,
DR. DEMING,
NURSE PENNY,
W.N.M.C.F. MEDICAL DEPT.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, starting in November 2010, Plaintiff began losing vision in his right eye. After placing sick calls for two months, he was seen by a doctor, who said his condition had gone from "torn retina" to "detached retina." The doctor also said that the deterioration could have been prevented if Plaintiff had received treatment sooner. Plaintiff alleges that his sick calls during those two months were denied because "sucurity [sic] would not clear a levle [sic] 4 inmate to medical." Plaintiff contends that Defendants' actions violated his Eighth Amendment rights. The complaint seeks damages and equitable relief.

Plaintiff's allegations do not support claims against Defendants Dr. Deming, Nurse Penny, or W.N.M.C.F. Medical Dept. Plaintiff asserts only that security staff would not allow him to go the medical clinic, and that Nurse Penny informed him of this restriction. He makes no allegations against Defendants Dr. Deming or W.N.M.C.F. Medical Dept. The Court will dismiss Plaintiff's claims against these three Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Dr. Deming, Nurse Penny, and W.N.M.C.F. Medical Dept. are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Lopez and Hoisington.

_____
SENIOR UNITED STATES DISTRICT JUDGE